UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VEROMONT MUTUAL INSRUANCE CO.,<br>    Plaintiff,<br><br>    v.<br><br>DEBORAH NATIELLO, ET AL.<br>    Defendants. | No. 3:17-cv-02050 (MPS) |

**RULING ON MOTION TO DISMISS**

The plaintiff, Vermont Mutual Insurance Company, brings this suit against the defendants—Deborah Natiello, Timothy Sutera, and Nathaniel Sutera—seeking a declaratory judgment that an insurance policy covering the former two defendants is void. According to the complaint, the insurance policy in question covered a three-story rental property owned by Defendant Natiello, who is married to Defendant Timothy Sutera. Defendant Nathaniel Sutera, the brother of Defendant Timothy Sutera, suffered severe injuries due to the collapse of scaffolding at the property. When he subsequently sued Defendants Natiello and Timothy Sutera, the plaintiff provided a defense for its insureds under the policy. The jury eventually found in favor of Nathaniel Sutera. The plaintiff alleges that Timothy Sutera intentionally provided incomplete and untruthful testimony for the benefit of Nathaniel Sutera during the trial. Before me now is Defendant Natiello's motion to dismiss. (ECF No. 17.) For the reasons that follow, the motion is denied.

**I.    Factual Allegations**

Plaintiff makes the following factual allegations, which I assume to be true.

On September 24, 2012, the plaintiff "insured a family dwelling . . . (the [] 'Insured Dwelling') under Businessowners Policy 11005027 (the 'Policy')." (ECF No. 15 ("Complaint")

1

at ¶ 8.) The Police includes "'Businessowners Common Policy Conditions,' which under Paragraph C., 'Concealment, Misrepresentation Or Fraud,['] states,[] '[t]his policy is void in any case of fraud by you as it relates to this policy at any time . . . [i]t is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning: (1) This policy; (2) The covered property; (3) Your interest in the Covered Property; or (4) a claim under this policy.'" (*Id.* at ¶ 19.) "The Insured dwelling is a three story rental property which is owned by Defendant Natiello." (*Id.* at ¶ 9.) "Natiello's husband, Timothy Sutera[,] performed maintenance and other work at the Insured Dwelling." (*Id.* at ¶ 10.) "In the days prior to the loss, the Defendants and possibly others were utilizing three stories of scaffolding owned by Timothy Sutera to install an aluminum soffit under the eaves of the roof at the Insured Dwelling." (*Id.* at ¶ 11.) "On September 24, 2017, Nathaniel Sutera was present as the Insured Dwelling and was on top of the scaffolding when it fell causing him very serious physical injuries." (*Id.* at ¶ 12.) "At the time of the loss, Nathaniel Sutera was the only Defendant present at the Insured Dwelling working on the soffit." (*Id.* at ¶ 13.)

"As a result of these injuries, Nathaniel Sutera initiated a personal injury action against Deborah Natiello and Timothy Sutera in the Connecticut Superior Court at New London . . . (hereinafter, 'Personal Injury Action')." (*Id.* at ¶ 14.) "The Plaintiff, Vermont Mutual Insurance Company provided a defense to its insureds for the pendency of the Personal Injury Action pursuant to the Policy." (*Id.* at ¶ 15.) "Prior to and during the trial of the Personal Injury Action Timothy Sutera testified and made specific factual assertions about who was present at the Insured Dwelling on the date of loss and who had possession and control of the scaffolding leading up to the loss." (*Id.* at ¶ 16.) "The jury found in favor of Nathaniel Sutera and judgment entered against Deborah Natiello and Timothy Sutera." (*Id.* at ¶ 17.) "Based on information and

belief, Timothy Sutera intentionally provided incomplete and untruthful testimony for the benefit of Nathaniel Sutera both prior to and during trial to the detriment of Vermont Mutual Insurance Company." (*Id.* at ¶ 18.)

## II.     Legal Standard

Under Fed. R. Civ. P. 12(b)(6), the Court must determine whether plaintiffs have alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ray v. Watnick*, 688 F. App'x 41 (2d Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted)). While the Court must "draw all reasonable inferences in favor of the non-moving party," *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008), it must grant the moving party's motion if "a complaint is based solely on wholly conclusory allegations and provides no factual support for such claims. . . ." *Scott v. Town of Monroe*, 306 F. Supp. 2d 191, 198 (D. Conn. 2004).

## III.     Discussion

The defendants argue that "[a] denial of coverage cannot be based on improper trial testimony." (ECF No. 17 at 4.) In support of this contention the defendants cite *Rego v. Connecticut Ins. Placement Facility*, 219 Conn. 339, 349 (1991). (*See id.* at 4.) *Rego* concerned a plaintiff's suit against an insurer for failing to provide coverage for damage to a dwelling caused by a fire. *Rego*, 219 Conn. at 341-42. The insurer raised as a special defense that the "plaintiff intentionally concealed and misrepresented material facts and circumstances relating to the fire at issue, including, but not limited to, her knowledge of the cause and origin of the fire."

3

*Id.* at 340-41 (internal quotation marks omitted). The *Rego* court held that the defendant insurer could "not rely on any alleged misrepresentations made after it denied coverage." *Id.* at 350. It is this principle that the defendants invoke. (*See* ECF No. 17 at 4-5.)

*Rego* does not help the defendants. The *Rego* court based its reasoning on the following rationale:

> The fraud and false swearing clause is one beneficial to the insurer and it reasonably extends to protect the insurer during the period of settlement or adjustment of the claim. When settlement fails and suit is filed, the parties no longer deal on the non-adversary level required by the fraud and false swearing clause. If the insurer denies liability and compels the insured to bring suit, the rights of the parties are fixed as of that time for it is assumed that the insurer, in good faith, then has sound reasons based upon the terms of the policy for denying the claim of the insured. To permit the insurer to await the testimony at trial to create a further ground for escape from its contractual obligation is inconsistent with the function the trial normally serves. It is at the trial that the insurer must display, not manufacture, its case.

*Rego*, 219 Conn. at 350 (internal quotation marks omitted). As this passage demonstrates, *Rego* holds only that an insurer may not prove that a policy is void by relying on misrepresentations an insured makes *after* the commencement of the action to determine policy coverage. *Rego* does not extend to situations such as the one here, where the alleged misrepresentations were made before the insurer sought a judicial declaration of coverage. If an insurer could not seek to void a policy for fraudulent misrepresentations at a trial in which it was defending an insured, insureds would have carte blanche to manufacture an insurer's liability under the policy. The Connecticut Supreme Court did not countenance such an inequitable doctrine.

Defendant Natiello argues that "[f]raud and misrepresentation must relate to policy coverage, not third party liability." (ECF No. 17 at 6.) They contend that the plaintiff has alleged that Defendant Timothy Sutera's false testimony was provided to benefit Nathaniel Sutera, and did not "ha[ve] any effect on coverage under the [Policy] whatsoever." (*Id.* at 7-8.) Such an argument misconstrues the policy, which provides that the policy is "void if you or any

4

other insured, at any time, intentionally conceal or misrepresent a material fact concerning . . . a claim under this policy." (Complaint at ¶ 19.) This language is broad enough, in the context of a motion to dismiss, to encompass the plaintiff's claim against the defendants. Defendant Natiello also suggests that the complaint does not identify the specific false testimony alleged or adequately allege that it was material. Drawing all reasonable inferences in favor of the plaintiff, however, I find that the complaint's specific references to Timothy Sutera's testimony "about who was present at the Insured Dwelling on the date of loss and who had possession and control of the scaffolding leading up to the loss" sufficiently alleges specific, material misrepresentations. Finally, Defendant Natiello contends that the "plaintiff's claims were considered and rejected by a jury." (ECF No. 17 at 8.) In particular, she avers that Timothy Sutera's testimony must have been credited by the jury. (*Id.* at 8.) This argument is dubious given that the jury's verdict entered *against* Timothy Sutera.

I therefore deny the defendants' motion to dismiss.

IV. **Conclusion**

For these reasons, the defendants' motion to dismiss (ECF No. 17) is denied.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:   Hartford, Connecticut
         September 27, 2018