UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VERMONT MUTUAL INSURANCE CO., *Plaintiff*, v. DEBORAH NATIELLO; TIMOTHY SUTERA; and NATHANIEL SUTERA, *Defendants*. | No. 3:17-cv-2050 (MPS) |

**RULING ON MOTION FOR PARTIAL SUMMARY JUDGMENT**

**I. INTRODUCTION**

Counterclaim Plaintiffs Nathaniel Sutera, Timothy Sutera, and Deborah Natiello allege that Vermont Mutual Insurance Co. violated the Connecticut Unfair Insurance Practices Act (CUIPA) which is enforceable through the Connecticut Unfair Trade Practices Act (CUTPA). One of the necessary elements of the CUIPA violation alleged in this case is that the insurer committed the unfair insurance practice "with such frequency as to indicate a general business practice." Conn. Gen. Stat. § 38a–816(6). For the reasons set forth below, I find that the Counterclaim Plaintiffs have failed to produce sufficient evidence from which a reasonable jury could conclude that Vermont Mutual committed the alleged unfair practice "with such frequency as to indicate a general business practice." Vermont Mutual's motion for partial summary judgment is therefore GRANTED.

**II. BACKGROUND**

The following facts are undisputed. In late September of 2012, Defendants and Counterclaim Plaintiffs Nathaniel Sutera and Timothy Sutera were in the process of installing aluminum soffet material on a rental property owned by Timothy Sutera's wife, Defendant and Counterclaim Plaintiff Deborah Natiello. ECF No. 67-2 at 38; ECF No. 1 at ¶¶ 9-11. The rental

1

property was insured by Plaintiff and Counterclaim Defendant Vermont Mutual Insurance Co. ("Vermont Mutual"). ECF No. 1 at ¶¶ 8-9. On September 24, Nathaniel Sutera was on top of the scaffolding when it fell, causing him very serious physical injuries. ECF No. 67-2 at 38-39; ECF No. 1 at ¶ 12. Nathaniel Sutera initiated a personal injury action against Deborah Natiello and Timothy Sutera in the Connecticut Superior Court in New London. ECF No. 1 at ¶ 14. The case did not settle, despite demands by Nathaniel Sutera that were within the policy limit of $1,000,000. ECF No. 67-2 at 39-40. On March 9, 2017, after a full trial, the jury returned a verdict of $7,208,534.68, which was reduced to $3,604,267.34. *Id.* at 40. On December 7, 2017, Vermont Mutual filed this action seeking a declaratory judgment that the policy is void due to alleged misrepresentations of material facts by Timothy Sutera. ECF No. 1 at 4. Counterclaim Plaintiffs Deborah Natiello, Timothy Sutera, and Nathaniel Sutera have filed counterclaims alleging, *inter alia*, violations of the Connecticut Unfair Trade Practices Act (CUTPA) and the Connecticut Unfair Insurance Practices Act (CUIPA). ECF Nos. 10, 13, 57. Vermont Mutual has moved for summary judgment as to these claims. ECF No. 67.

### III.  LEGAL STANDARD

"Summary judgment is appropriate only if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (internal quotation marks and citations omitted). "A genuine dispute of material fact exists for summary judgment purposes where the evidence, viewed in the light most favorable to the nonmoving party, is such that a reasonable jury could decide in that party's favor." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013). The moving party bears the burden of demonstrating that no genuine issue exists as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). If the moving party carries its burden, "the opposing party must come forward with specific evidence demonstrating

the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011).

In reviewing the summary judgment record, a court must "construe the facts in the light most favorable to the nonmoving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Caronia v. Phillip Morris USA, Inc.*, 715 F.3d 417, 427 (2d Cir. 2013).

## IV.    DISCUSSION

Vermont Mutual has moved for summary judgment as to Counterclaim Plaintiffs' CUTPA/CUIPA claims on the sole ground that Counterclaim Plaintiffs have failed to produce sufficient evidence from which a reasonable jury could conclude that the alleged violations of CUIPA amounted to a general business practice. I agree with Vermont Mutual.

For an insured to prevail on a claim under CUTPA against an insurer, the insured must establish a violation of CUIPA. *See State v. Acordia, Inc.*, 310 Conn. 1, 37 (2013); *Karas v. Liberty Ins. Corp.*, 33 F. Supp. 3d 110, 117 (D. Conn. 2014). The CUIPA violation that Counterclaim Plaintiffs allege here is that Vermont Mutual violated a provision of CUIPA prohibiting "[u]nfair claim settlement practices," Conn. Gen. Stat. § 38a–816(6). ECF Nos. 10 at 5-6, 56 at 9-10, 61-2 at 5-6. One of the elements of that CUIPA provision is that the insurer committed the unfair practice "with such frequency as to indicate a general business practice." Conn. Gen. Stat. § 3e8a–816(6); *see also Karas*, 33 F.Supp.3d at 117; *Bacewicz v. NGM Ins. Co.*, No. 3:08cv1530 (JCH), 2009 WL 1929098, at *3 (D. Conn. June 30, 2009); *Quimby v. Kimberly Clark Corp.*, 28 Conn. App. 660, 672, 613 A.2d 838 (1992)); *Mead v. Burns*, 199 Conn. 651, 657-60 (1986). Thus, the sole question on summary judgment is whether a reasonable jury could find that Vermont Mutual engaged in the alleged unfair claim settlement

practices "with such frequency as to indicate a general business practice." Conn. Gen. Stat. § 38a–816(6)).

To show that an alleged unfair practice was a general business practice under CUIPA, "[t]he plaintiff must show more than a single act of insurance misconduct; isolated instances of unfair settlement practices are not sufficient to establish a claim." *Karas v. Liberty Ins. Corp.*, 33 F. Supp. 3d 110, 117 (D. Conn. July 21, 2014) (citing cases). There is, however, no "magic number" of instances a plaintiff must produce to create a genuine dispute. *See Belz v. Peerless Ins. Co.*, 46 F. Supp. 3d 157, 167 (D. Conn. 2014) (no "magic number" of other instances to plead a claim under CUIPA). Rather, the evidence must be considered in its totality. Relevant factors a court may consider in deciding whether the insurer has engaged in the accused practice "with such frequency as to indicate a general business practice" include, for example:

> the degree of similarity between the alleged unfair practices in other instances and the practice allegedly harming the plaintiff; the degree of similarity between the insurance policy held by the plaintiff and the policies held by other alleged victims of the defendant's practices; [and] the degree of similarity between claims made under the plaintiff's policy and those made by other alleged victims under their respective policies;
> . . . .

*Belz*, 46 F. Supp. 3d at 166 (citing *Karas*, 33 F. Supp. 3d at 117).

Counterclaim Plaintiffs argue that the testimony of Susan Wood—the Vermont Mutual insurance adjustor who was deposed in this case—indicating that she had been deposed in another case against Vermont Mutual involving "a claim of bad faith on Vermont Mutual's part for failing to settle within its primary limits" provides evidence of a general business practice. ECF No. 68 at 9, 62-63.

A reasonable jury could not conclude from this evidence alone, however, that the alleged unfair practice occurred "with such frequency as to indicate a general business practice." Conn. Gen. Stat § 3e8a–816(6). The testimony provided by Ms. Wood refers only to a single *claim* of

4

bad faith against Vermont Mutual, one that was ultimately resolved on unspecified terms. ECF No. 68-7 at 8-9. Counterclaim plaintiffs do not point to any evidence that that claim or any other resulted in a finding or admission that Vermont Mutual had engaged in unfair settlement practices, let alone practices similar to those allegedly perpetrated against the Counterclaim Plaintiffs in this case. *See Tucker v. American International Group, Inc.*, 179 F. Supp. 3d 224, 246 (D. Conn. 2016) (denying summary judgment on CUIPA claim because there was genuine dispute about "general business practice issue" where court concluded that "at least four cases presented offer . . . evidence of an *adjudicated* wrongful business practice by Defendants that resembles the allegedly wrongful practices in this case." (emphasis added)). Further, there is no indication in the record of how recently the earlier allegations against Vermont Mutual about which Ms. Wood testified were made—an important consideration given the statute's focus on "frequency." Conn. Gen. Stat. § 38a–816(6).

It is also worth noting that, while there is no "magic number" of instances required, the cases in which this Court has found sufficient evidence to survive a motion for summary judgment or, alternatively, sufficient allegations to survive a motion to dismiss, have all involved at least three other instances. *See Tucker*, 179 F. Supp. 3d at 246 (evidence of four adjudicated cases); *Belz*, 46 F. Supp. 3d at 167 (the three alleged other instance of unfair settlement practices were sufficient to state a CUIPA claim because of the degree of similarity between them and the plaintiffs' case); *Karas*, 33 F. Supp. 3d at 117 (allegations of "at least three separate instances involving other homeowners experiencing the same damages caused by the same mechanism and involving policy language identical to that in the [plaintiffs'] policy" were sufficient to state a CUIPA claim).

Moreover, in both *Belz* and *Karas*, the Court noted the evident similarity between the instances of misconduct. By contrast, the evidence of similarity is much weaker in this case. While Counterclaim Plaintiffs describe both the misconduct alleged by the Counterclaim Plaintiffs and the alleged misconduct mentioned by Ms. Wood in her deposition as involving "bad faith in failing to settle within policy limits," ECF No. 68-2 at 4, that description is too broad to allow for the sort of comparison of specific, allegedly unfair claims settlement practices needed to make a determination of similarity. Indeed, such a description could encompass some, all, or none of the specific, unfair claim settlement practices set forth in the long list found in the statute, Conn. Gen. Stat. § 38a–816(6)(A)-(O). Such a broad characterization tells us little about whether the claim settlement practices alleged in this case were similar to those in the earlier case. In addition, what little detail that can be gleaned from Ms. Wood's deposition testimony suggests that the earlier dispute was dissimilar to this one, in that it involved a dispute between Vermont Mutual and another carrier, and not a dispute between Vermont Mutual and an insured. *See* ECF No. 68 at 63.

In short, viewing all the evidence in the record as a whole, and drawing all reasonable inferences and resolving all ambiguities in the non-movant's favor, I find that no reasonable jury could conclude that the alleged unfair practice occurred "with such frequency as to indicate a general business practice."

## V. CONCLUSION

For the reasons set forth above, the Counterclaim Plaintiffs have failed to produce evidence from which a reasonable jury could conclude that the alleged misconduct constituted a "general business practice." Because this is a necessary element of an unfair settlement practice claim under CUIPA—and, in the present context, a CUTPA claim—Counterclaim Defendant's

motion for partial summary judgment (ECF No. 67) as to Counts III and IV of the Counterclaims filed by each of the three Counterclaim Plaintiffs is GRANTED.

.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:   Hartford, Connecticut
         March 26, 2020